HEARD APRIL TERM, 1879.

CASE No. 735.

ROBERT ADGER v. WILLIAM M. BOSTICK ET AL.

Where an undefined homestead in a tract of land is excepted from the operation of a mortgage upon the entire tract, the extent of the homestead should be judicially ascertained before judgment of foreclosure is passed; such ascertainment to be by testimony taken before the court, or under a reference for that purpose, and not in the mode prescribed in the homestead acts of the general assembly.

Before MACKEY, J., at Barnwell, September, 1878.

It would seem that the defendant executed a mortgage to the plaintiff upon a certain tract of land, excepting therefrom a homestead reservation, the limits of which were not defined either in the mortgage itself or by previous assignment. This action was brought by plaintiff to foreclose his mortgage, and defendant failing to answer, an order was obtained that a sale should be made "after a homestead has been set off to the defendant, Bostick, out of the mortgaged premises." Commissioners were

then appointed under the provisions of the homestead act of February 22d, 1873. The commissioners made their return, to which the plaintiff filed exceptions. After hearing testimony upon the matter of these exceptions, the Circuit judge set aside the return and assignment of homestead, and ordered a re-appraisement by other appraisers named in the order. From this order the defendant, Bostick, appealed to this court.

*Mr. J. C. Davant*, for appellant.

*Messrs. A. T. Smythe* and *A. B. Connor*, for respondent.

May 26th, 1879. The opinion was delivered

PER CURIAM. We gather from the brief, which contains an imperfect statement of the proceedings in the case, that the decree of foreclosure is incomplete. The mortgage, in terms, excluded from the premises described in it a homestead reserver by the mortgagor, but such homestead is not defined as to its limits. It was necessary, therefore, that the extent of the homestead should be judicially ascertained before the judgment was complete. The extent of the homestead should have been ascertained in the manner in which all other facts are ascertained by a court of equity, either by testimony taken before the court or upon a reference to a master or referee, as the case may be. The act of 1873 prescribes the mode of setting apart the homestead where it is claimed out of property sought to be subjected to process, but does not preclude the court before which a question of homestead arises from determining that question in the mode employed for determining other questions of law or fact. We infer that the parties in the present case thought themselves bound to proceed in the mode pointed out by the statute. In this they were in error, and the order appointing commissioners, and all previous proceedings for the same purpose, must be set aside, and the cause remanded for the purposes already indicated.

Proceedings set aside.

McIVER and HASKELL, A. J.'s, concurred.